**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THE FIDELITY LAND TRUST
COMPANY, LLC,

        Plaintiff,

vs.                                   Case No. 6:12-cv-1367-Orl-37TBS

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; and
HOMECOMINGS FINANCIAL
NETWORK, INC.,

        Defendants.

**ORDER**

This cause is before the Court on Magistrate Judge Thomas B. Smith's Report and Recommendation dated December 4, 2012. (Doc. 12.) The Magistrate Judge recommends that this Court grant in part and deny in part Defendants' Motion for Attorney's Fees, Costs and Sanctions (Doc. 10.) Plaintiff filed a timely objection to the Magistrate Judge's Report and Recommendation. (Doc. 16.)

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

Like the Magistrate Judge, this Court concludes that Plaintiff initiated and

pursued this litigation in bad faith. The evidence of this is legion: a state judge has told Plaintiff that its legal theory is meritless; a federal judge has told Plaintiff its legal theory is frivolous; and the Florida Attorney General has obtained injunctive relief against Plaintiff to prevent it from asserting claims based on the legal theory advanced in this lawsuit. Yet even in its objection, Plaintiff clings to the notion that its claims have merit. They do not.

Plaintiff is aware that its claims have no merit. Its business model, however, does not rely on the ability to prevail on the merits. Rather, Plaintiff appears to be in the business of delaying lawful foreclosures. The courts are not to be used to delay, deny, or frustrate just claims, and they are not to be used as a cog in a litigant's business model. Litigants who pursue meritless claims should be sanctioned, if only to ensure that the burden of their contemptuous behavior is borne by themselves alone.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 16) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 12) is **ADOPTED** as the opinion of the Court.

3. Defendants' Motion for Attorney's Fees, Costs, and Sanctions (Doc. 10) is **GRANTED IN PART** and **DENIED IN PART**. It is granted to the extent it seeks, pursuant to the Court's inherent power, sanctions against Plaintiff. The Motion is denied in all other respects.

4. The Court hereby finds that Plaintiff The Fidelity Land Trust Company, LLC instituted and prosecuted this action in bad faith. As a sanction, and in accordance with its inherent power, the Court awards Defendants their

reasonable attorney's fees and costs.

5. Defendants shall apply for their award of attorney's fees and costs by separate motion on or before January 11, 2013, in accordance with Local Rule 4.18.

6. Plaintiff's counsel, Howard Feinmel, is hereby placed on notice that the claims raised in this lawsuit are without merit. If Mr. Feinmel continues to commence lawsuits based on the legal theories advanced in this case or continues to prosecute any claims based on these meritless theories, the Court may, pursuant to Local Rule 2.04, refer the matter to the Grievance Committee of the U.S. District Court for the Middle District of Florida for an investigation and recommendation as to whether such conduct merits disciplinary action by the Court.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 27, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:
Counsel of Record