UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE FIDELITY LAND TRUST
COMPANY, LLC,

      Plaintiff,

v.                                                                    Case No:  6:12-cv-1367-Orl-37TBS

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. and
HOMECOMINGS FINANCIAL
NETWORK, INC.,

      Defendants.
_____

## ORDER

      Pending before the Court is Defendant's Motion for Attorneys' Fees and Costs.

(Doc. 19).  Defendant makes no mention of whether Plaintiff objects to the amount of fees

Defendant requests.  Thus, upon consideration of the motion, the Court finds that counsel

has failed to comply with her obligations under M.D. FLA. R. 3.01(g) prior to filing the

instant motion.  Further, a review of the docket shows that Defendant has filed no

affidavits, billing statements, or bill of costs to accompany its motion.  (See Doc. 19;

Docket ).  "[T]he fee applicant bears the burden of establishing entitlement to an award

and documenting the appropriate hours expended and hourly rates."  Hensley v.

Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).  To prove a

reasonable hourly rate, the burden is on the applicant to produce satisfactory evidence

that the requested rates are in line with the prevailing market rates.  Norman v. Housing

Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  "The fee

applicant may meet its burden "by producing either direct evidence of rates charged

under similar circumstances, or opinion evidence of reasonable rates." <u>Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern.</u>, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 * 4 (M.D. Fla. Jan. 6, 2010).  Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." <u>Rynd v. Nationwide Mutual Fire Ins. Co.</u>, No. 8:09-cv-1556-T-27TGW, 2012 WL 939387 * 9 (M.D. Fla. January 25, 2012)(quoting <u>Centex-Rooney Const. Co., Inc. V. Martin County</u>, 725 So.2d 1255, 1259 (Fla. App. Ct. 1999)).  Accordingly, Defendant's Motion for Attorneys' Fees and Costs (Doc. 19) is **DENIED without prejudice**.  If Defendant re-files its motion it will comply with the local rules and supplement its papers with the appropriate documentation for the Court to perform its lodestar analysis.

      **DONE** and **ORDERED** in Orlando, Florida on January 14, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record